TABER *et al. v.* GILFILLAN *et al.*

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

APPEAL BONDS—LIABILITY OF SURETIES.

> On an appeal from a judgment for plaintiffs taken by some, only, of the defendants, the judgment was affirmed, and costs of the appeal were awarded to other defendants, respondents in the appeal, as against appellants. *Held,* that the sureties in the bond given by appellants on such appeal were liable for such costs, and could not set up, in defense of an action on the bond, that a clerk of plaintiffs' attorney appeared as attorney for the defendants, who were respondents.

Appeal from circuit court, Kings county.

Action by George Taber, Harriet A. Doty, and Augusta M. Ferguson against William J. Gilfillan and Dorcas Prime, on an undertaking on appeal in which defendants were sureties. From a judgment for plaintiffs, entered on the verdict of a jury, defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*P. V. R. Stanton,* for appellants. *James & Thomas H. Troy,* for respondents.

BARNARD, P. J. The defendants were sureties upon appeal to the court of appeals in an action where William Cole was plaintiff and Charles E. Frost and others were defendants. Among the defendants were Harriet A. Doty, George Taber, and Augusta M. Ferguson, the present plaintiffs. They were respondents upon the appeal to the court of appeals. The judgment was thereon affirmed, with costs to respondents against the appellants upon the appeals. See 22 N. E. Rep. 1133, *mem.* Judgment was entered upon the *remittitur* in the supreme court containing this clause: "That the defendants Harriet A. Doty, George Taber and Augusta M. Ferguson as respondents, appearing jointly in their own behalf on said last mentioned appeal, recover

of the said appellants therein, Charles E. Frost, individually, and as executor and trustee as aforesaid, and Thomas E. Simmons, the sum of $91.22 for 'their costs and disbursements of said appeal.' " The present action is brought upon the undertaking on appeal. There is no defense to the action. The judgment of the court of appeals gave the plaintiffs costs, and the judgment in the supreme court followed it. The judgment is not paid. The record in the court of appeals does not show that these particular plaintiffs (respondents) appeared and argued the appeal in that court, and this fact is claimed as a defense in the presence of express words giving costs to the plaintiffs by name, upon the appeal, as respondents. There is no force in the objection. It is too late, after final judgment, to object to the appearance of Hughes, who was the attorney for the plaintiffs in the court of appeals, and to whose clients costs were awarded. The judgment should therefore, be affirmed, with costs.